IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAREN DOUN RICHARDSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. 17 C 757 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Darin Doun Richardson's claims for Supplemental Security Income benefits ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied.

## PROCEDURAL HISTORY

Plaintiff filed his application for SSI benefits on September 4, 2012. After his application was denied, he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 28, 2014. The ALJ issued his decision finding Plaintiff not disabled on March 21, 2014. Following Plaintiff's

request for review, the Appeals Council remanded his claim for a new hearing and decision, and the second hearing was held on September 14, 2015. Plaintiff personally appeared and testified at the hearing and was represented by a non-attorney representative. Two medical experts and a vocational expert also testified.

On October 28, 2015, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act after proceeding through the five-step sequential evaluation process required by Social Security regulations. *See* 20 C.F.R. § 404.1520 and 416.902(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 20, 2012, his application date. At step two, the ALJ found that Plaintiff had the severe impairments of major depressive disorder; recurrent, episodic alcohol abuse; morbid obesity; chronic obstructive pulmonary disease; obstructive sleep apnea; and shoulder pain. The ALJ determined at step three that Plaintiff's impairments met listings 12.04 (depressive, bipolar and related disorders) and 12.09 (substance addiction disorders) while he was abusing alcohol. *See* C.F.R. Part 404, Subpt. P, App. 1. However, the ALJ concluded that if Plaintiff stopped his alcohol abuse, his impairments would remain severe but they would not meet or medical equal the severity of any listed impairments.

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, subject to the following limitations: simple tasks with no public contact and only occasional contact with supervisors and peers; work at an average pace, not fast-paced or production-type pace; no

2

climbing ladders, ropes, or scaffolding; only occasionally reaching above shoulder level; no work around unprotected heights; no work around extreme temperatures, hot, cold, or humidity; and no concentrated exposure to respiratory irritants. Based on this RFC, the ALJ found at step four that Plaintiff could not perform his past relevant work as a carpet installer even if he stopped the substance use. At step five, considering the RFC, along with Plaintiff's age, education, and work experience, the ALJ concluded that there were significant numbers of jobs in the national economy Plaintiff could perform if he stopped the substance use, leading to a finding that he was not disabled under the Social Security Act.

The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's second decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## DISCUSSION

### I. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

3

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## II. ANALYSIS

Plaintiff argues that the matter should be remanded for the following reasons: (1) the ALJ failed to properly weigh the medical opinion evidence; (2) the ALJ did not correctly consider Plaintiff's credibility; and (3) the Appeals Council failed to provide a reason for rejecting new and material evidence from Plaintiff's treating psychiatrist and examining psychologist.

Plaintiff asserts that the ALJ failed to follow the "treating physician rule" by not appropriately weighing the opinions of his treating physician, Dr. Stephen Penepacker, and treating therapist, Paula Lambur. An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to

5

consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.*

Dr. Penepacker began seeing Plaintiff in August 2012 and continued to treat him on a regular basis through the hearing date in September 2015. The therapy notes indicate treatment for major depression, with mental status examinations reporting various symptoms including mood swings, difficulty sleeping, poor concentration and judgment, irritability, difficulty following directions, and abnormal moods with depression and/or anxiety. During his treatment, Plaintiff was prescribed several medications for his mental impairments, including Seroquel, Citalopram, Bupropion, and Fluoxetine.

In a letter dated May 16, 2014, Dr. Penepacker stated that although Plaintiff had stopped drinking for nearly a year and participated regularly in treatment, his symptoms remained disabling. Specifically, Dr. Penepacker referred to Plaintiff's reported depression, irritability, and poor concentration. On examination, Plaintiff demonstrated a constricted affect and a failure to focus. Dr. Penepacker expressed his intention to continue working with Plaintiff, but he believed it unlikely that Plaintiff would again be able to work full-time.

Dr. Penepacker completed a mental impairment questionnaire on July 14, 2015. The report noted signs and symptoms including depressed mood, persistent or generalized anxiety, feelings of guilt or worthlessness, hostility or irritability,

difficulty thinking or concentrating, easy distractibility, poor memory, decreased energy, with depressed mood and fatigue being the most severe symptoms. He suggested that the depression would likely increase under the stress of returning to work. Plaintiff was noted to have marked limitations in remembering work-like procedures; understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; performing activities within a schedule; completing a workday without interruptions from a psychological symptoms; performing at a consistent pace without frequent or lengthy rest periods; getting along with coworkers or peers; and setting realistic goals and making independent plans. Dr. Penepacker noted that at some visits, Plaintiff denied feeling depressed, but he opined that Plaintiff had never functioned well throughout the treatment, and he had not significantly improved despite quitting drinking.

Plaintiff argues that the ALJ erred in giving Dr. Penepacker's opinion little weight. The ALJ found Dr. Penepacker's opinion to be inconsistent with his own treatment notes and with the opinions of the state psychological consultants. In addition, the ALJ faulted Dr. Penepacker for relying heavily on Plaintiff's subjective reports of his symptoms and limitations.

The Court finds that the ALJ failed to provide substantial evidence for his decision not to give Dr. Penepacker's opinion controlling weight. First, the single example given by the ALJ does not support his conclusion that the opinion is inconsistent with the treatment notes. The ALJ found the psychiatrist's determination that Plaintiff had impaired judgment and concentration to be

7

inconsistent with his findings that Plaintiff's thought process was normal and he lacked suicidal ideation. The ALJ should have explored this alleged inconsistency more fully, as it is not obviously illogical that a person might not be suicidal but nevertheless could experience a disabling lack of judgment and concentration.

Moreover, the ALJ did not substantiate his assertion that Dr. Penepacker's opinion was inappropriately based on Plaintiff's subjective complaints. The Seventh Circuit has found that "if the treating physician's opinion is ... based *solely* on the patient's subjective complaints, the ALJ may discount it." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (emphasis added). However, the court recently noted that it was "illogical to dismiss the professional opinion of an examining [physician] simply because that opinion draws from the claimant's reported symptoms." *Aurand v. Colvin,* 654 Fed. App'x 831, 837 (7th Cir. 2016) (unpublished opinion). "Almost all diagnoses require some consideration of the patient's subjective reports, and certainly [Plaintiff's] reports had to be factored into the calculus that yielded the doctor's opinion." *McClinton v. Astrue*, No. 09 C 4814, 2012 WL 401030, at *11 (N.D. Ill. Feb. 6, 2012). In this case, the ALJ neglected to "point to anything that suggests that the weight [Dr. Penepacker] accorded Plaintiff's reports was out of the ordinary or unnecessary, much less questionable or unreliable." *Davis v. Astrue*, No. 11 C 56, 2012 WL 983696, at *19 (N.D. Ill. Mar. 21, 2012). And as explained above, the ALJ failed to explain how Plaintiff's subjective complaints are inconsistent with the record. *See Clifford*, 227 F.3d at 872. Moreover, neither the ALJ nor the Commissioner cite to any evidence that Dr. Penepacker based his opinion *solely* on

8

Plaintiff's subjective complaints, and, therefore, this reason for denying weight to her opinion is unavailing. Thus, the ALJ did not "build an accurate and logical bridge" from the evidence to his conclusion. *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes, however, that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the issue of Plaintiff's credibility be examined in a manner wholly consistent with SSR 96-7p and governing Seventh Circuit standards, s*ee Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004).[1]

---

[1] The Court was particularly troubled that the ALJ questioned Plaintiff's credibility on the basis that had not received treatment one would expect for a disabled person because "he did not require any inpatient hospitalizations for his mental impairments when he was not abusing alcohol." (R. 24.) The implication that one cannot be found disabled unless he has received inpatient treatment is not supported in the decision.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**          **ENTERED:**

**DATE:**     **July 9, 2016**          _____
                                                    **HON. MARIA VALDEZ**
                                                    **United States Magistrate Judge**